### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY KAY GREEN,                             )<br>       Plaintiff,  )<br>             )<br>v.              )<br>             ) Case No. 06-2574-KHV<br>THE CITY OF OLATHE, KANSAS, )<br>             )<br>       Defendant. )| |

### PROTECTIVE ORDER

NOW on this 21st day of February, 2007, the above-captioned matter comes on for consideration by the Court. The parties have jointly requested a Protective Order because they seek to discover and/or produce information, documents and things including, but not limited to, medical records, personnel files of parties and non-parties, criminal investigation records, internal policies and procedures of law enforcement agencies and other similar matter.

Due to the nature of the allegations contained in Plaintiff's Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the Kansas Open Records Act, and are recognized to be confidential by the Kansas Supreme Court in *Berst v. Chipman*, 232 Kan. 180 (1982); 42 U.S.C. § 1320(d) et. seq.; and 45 C.F.R. § 164.512(e)(1). Therefore, this Court finds good cause exist for the entry of this Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

1. This Protective Order shall govern the following documents or other discovery materials: (a) documents from the personnel file of any current or former employee of Defendant other than Plaintiff, or other documents which name or otherwise identify any such current or former employee of Defendant other than Plaintiff, and (b) documents that contain financial,

medical or proprietary material of Plaintiff or Defendant, which documents or materials are produced in response to any discovery requested or obtained by Plaintiff or Defendant in the above-captioned case and are designated "Confidential."

2. It is understood by the parties that all such documents specifically so designated by any party, and the information contained in such documents, are confidential as the documents contain personal, financial, medical, proprietary or otherwise confidential information.

3. All such documents so designated by any party, and the information contained in such documents, shall be treated as confidential by all persons covered by this Agreement, and shall be used solely for the prosecution or defense of this action. No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for either party from using such documents at hearing or trial in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure, or from disclosing such documents, and the information contained in such documents, to persons assisting counsel in the preparation or presentation of either party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters. Nothing in the Protective Order shall prevent Plaintiff or Defendant from using for any other business purpose of Plaintiff or Defendant the documents or the information contained therein which it produces to Plaintiff or Defendant.

5. Disclosure shall not be made of any such document to any individual including

expert witnesses (but excluding counsel or support staff) unless and until counsel shall have first presented to such individual a copy of the Protective Order. All counsel shall require such person to read the Protective Order and to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order. All such persons shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of the Protective Order.

6. The parties may consent that a document produced pursuant to discovery may be removed from the scope of the Protective Order. Such consent shall be indicated in writing addressed to the opposing counsel.

7. If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with the opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

8. It is further understood that no copies shall be made of any documents produced by either party, unless necessary in connection with this litigation.

9. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of the Protective Order, unless the Court orders otherwise.

10. This Order is not rendered to the prejudice of either party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

11. In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

**IT IS SO ORDERED**.

Dated this 21st day of February, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
**K. Gary Sebelius**
**U.S. Magistrate Judge**

---

[1] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).